1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| N.F. by and through her parents and guardians, M.R. and K.F., and A.H. by and through G.H. and L.C., both individually, and on behalf of the MICROSOFT CORPORATION WELFARE PLAN, and on behalf of similarly situated individuals and plans,<br><br>          Plaintiffs,<br><br>   v.<br><br>MICROSOFT CORPORATION WELFARE PLAN; and MICROSOFT CORPORATION,<br><br>         Defendants. | NO.<br><br>COMPLAINT<br>(CLASS ACTION)<br><br>**[REDACTED]** |

## I. PARTIES

1.    ***N.F.***  Plaintiff N.F. is the 17-year-old daughter and dependent of M.R. and K.F. and resides in Snohomish County, Washington.  Plaintiff N.F. is a beneficiary, as defined by ERISA § 3(8), 29 U.S.C. § 1002(8), of the Microsoft Corporation Welfare Plan. N.F.'s coverage is through M.R.'s employment with the Microsoft Corporation.

2.    ***A.H.***  Plaintiff A.H. is the 16-year old son and dependent of G.H. and L.C. and resides in King County, Washington.  Plaintiff A.H. is a is a beneficiary, as defined

SIRIANNI YOUTZ<br>SPOONEMORE HAMBURGER<br>701 FIFTH AVENUE, SUITE 2560<br>SEATTLE, WASHINGTON 98104<br>TEL. (206) 223-0303   FAX (206) 223-0246

by ERISA § 3(8), 29 U.S.C. § 1002(8), of the Microsoft Corporation Welfare Plan.  A.H.'s coverage is through L.C.'s employment with the Microsoft Corporation

3. ***Microsoft Corporation Welfare Plan.***  The Microsoft Corporation Welfare Plan ("Plan") is an "employee welfare benefit plan" under ERISA § 1003, 29 U.S.C. § 1002(1). The Plan covers more than 50 employees.  The Plan is located in King County, Washington.  The Plan is a group health plan that provides both medical/surgical benefits and mental health/substance use disorder benefits.  *See* 29 U.S.C. § 1185a.

4. ***Microsoft Corporation.***  Microsoft Corporation ("Microsoft") is the designated plan administrator and named fiduciary for the Plan.  29 U.S.C. § 1002(16)(A)(i).  Microsoft is located in King County, Washington.

## II.  JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

6. Venue is proper under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) because, *inter alia*, a defendant resides or may be found in this district.

7. In conformity with 29 U.S.C. § 1132(h), plaintiffs have served this Complaint by certified mail on the Secretary of Labor and the Secretary of Treasury.

## III.  NATURE OF THE CASE

8. Plaintiffs seek to end Microsoft's standard discriminatory practice of excluding all coverage for outdoor/wilderness behavioral healthcare programs. Microsoft excludes coverage of outdoor/wilderness behavioral healthcare programs even when medically necessary to treat a mental health condition.  It excludes coverage of outdoor/wilderness behavioral healthcare programs even though it covers medical treatment provided in other types of intermediate residential programs, such as skilled nursing facilities.  Plaintiffs seek to enforce the Federal Mental Health Parity Act and its

[REDACTED]
COMPLAINT (CLASS ACTION) – 2

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

implementing regulations as incorporated into the terms of Microsoft's health plans in order to end such discriminatory and illegal practices.

9.      On October 3, 2008, Congress enacted the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008 ("Parity Act").  *See* 29 U.S.C. § 1185a.  The Parity Act became effective one year later on October 3, 2009.  The purpose of the law was to end discrimination in the provision of coverage for mental health treatment, as compared to medical and surgical services.  *See Coal. for Parity, Inc. v. Sebelius*, 709 F. Supp. 2d 10, 13 (D.D.C. 2010).  While the Parity Act does not require Microsoft to cover mental health services, if Microsoft chooses to cover mental health services in its health plans – and it does – such coverage must be provided "at parity" with medical/surgical benefits.  This means that Microsoft must ensure that:

> [T]he treatment limitations applicable to such mental health or substance use disorder benefits are no more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits covered by the plan (or coverage) ***and there are no separate treatment limitations that are applicable only with respect to mental health or substance use disorder benefits***.

29 U.S.C. § 1185a(a)(3)(A)(ii) (emphasis added); *see also* 29 C.F.R. § 2590.712(c)(4).

10.      ERISA requires Microsoft to administer the Plan in a manner that includes the requirements of federal law, including the Parity Act and its implementing regulations.  By applying its blanket exclusion of outdoor/wilderness behavioral healthcare programs in violation of the Parity Act and its regulations, Microsoft is systemically and uniformly failing to properly administer its Plan.  It is also breaching its fiduciary duties to plaintiffs and class members, who have not received the benefits to which they are entitled.

11.      In addition, Microsoft's application of the outdoor/wilderness behavioral healthcare program exclusion violates the provider non-discrimination provision of the

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

Affordable Care Act.   42 U.S.C. § 300gg-5(a); 29 U.S.C. § 1185d.   This law prohibits Microsoft from discriminating against a health care provider that is acting within the scope of the provider's license under applicable state law.  *Id.*

12.   This lawsuit seeks remedies under ERISA arising out of Microsoft's failure to comply with the terms of the Plan, as modified by applicable federal law.  It further seeks to recover the benefits that have been wrongfully denied to plaintiffs and the class she seeks to represent.  It also seeks a court order declaring Microsoft's blanket exclusion of coverage for wilderness therapy void and unenforceable.  Finally, it seeks to require Microsoft to provide accurate information to all participants and beneficiaries concerning the coverage of outdoor/wilderness behavioral healthcare programs.

## IV.  CLASS ALLEGATIONS

13.   *Definition of Class*.  The class consists of all individuals who:

(1)   have been, are or will be participants or beneficiaries under the Plan, at any time on or after October 3, 2009 and/or the relevant statute of limitations; and

(2)   have required, require or are expected to require treatment in an outdoor/wilderness behavioral healthcare program or programs for a mental health condition.

14.   *Size of Class*.  The class of Plan participants and beneficiaries who have required treatment in outdoor/wilderness behavioral healthcare programs for a mental health condition is expected to be so numerous that joinder of all members is impracticable.

15.   *Class Representatives N.F. and A.H.*  Named plaintiffs N.F. and A.H. are enrollees in the Plan which is subject to ERISA.  N.F. and A.H. are each diagnosed with a mental health condition.  N.F. and A.H. required treatment for their mental health conditions at licensed outdoor/wilderness behavioral healthcare programs in 2016.  N.F.

**[REDACTED]**
COMPLAINT (CLASS ACTION) – 4

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

and A.H. both submitted claims seeking coverage of their mental health treatment at licensed outdoor/wilderness behavioral healthcare programs in 2016.  Microsoft denied both plaintiffs' requests because of the blanket exclusion contained in the Microsoft Plan. Their claims are typical of the claims of the other members of the class, and, through their parents, N.F. and A.H. will fairly and adequately represent the interests of the class.

16.     *Common Questions of Law and Fact*.  This action requires a determination of whether Microsoft's application of its blanket exclusion of all coverage for outdoor/wilderness behavioral healthcare programs to treat mental health conditions violated the requirements of the Parity Act.  The Parity Act requires that such coverage be provided in strict parity with medical/surgical services generally.  The Parity Act forbids Microsoft from applying treatment limitations and exclusions on mental health coverage when similar exclusions are not predominantly imposed on medical/surgical services.  Adjudication of this issue will in turn determine whether Microsoft is liable under ERISA for its conduct.

17.     *Separate Suits Would Create Risk of Varying Conduct Requirements*.  The prosecution of separate actions by class members against Microsoft would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct.  Certification is therefore proper under FRCP 23(b)(1).

18.     *Microsoft Has Acted on Grounds Generally Applicable to the Class.* Microsoft, by imposing a uniform, blanket exclusion of outdoor/wilderness behavioral healthcare programs, has acted on grounds generally applicable to the class, rendering declaratory relief appropriate respecting the whole class.  Certification is therefore proper under FRCP 23(b)(2).

19.     *Questions of Law and Fact Common to the Class Predominate Over Individual Issues.*  The claims of the individual class members are more efficiently

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

adjudicated on a class-wide basis.  Any interest that individual members of the class may have in individually controlling the prosecution of separate actions is outweighed by the efficiency of the class action mechanism.  Upon information and belief, there has been no class action suit filed against these defendants for the relief requested in this action.  This action can be most efficiently prosecuted as a class action in the Western District of Washington, where Microsoft has its principal place of business, does business, and where N.F. and A.H. reside.  Issues as to Microsoft's conduct in applying standard policies and practices towards all members of the class predominate over questions, if any, unique to members of the class.  Certification is therefore additionally proper under FRCP 23(b)(3).

20. *Class Counsel*.  Plaintiffs have retained experienced and competent class counsel.

## V.  FACTUAL BACKGROUND

21. During the relevant time periods, N.F., A.H. and class members have been, are or will be participants or beneficiaries of the Microsoft Corporation Welfare Plan which is subject to the Employee Retirement Income Security Act of 1974, pursuant to 29 U.S.C. § 1003.

22. During the relevant time periods, and continuing to the present, N.F., A.H. and other members of the class have been or are diagnosed with conditions that are considered to be mental health conditions under the Plan and the Parity Act.

23. N.F., A.H. and members of the class have required, currently require or will require mental health treatment at licensed outdoor/wilderness behavioral healthcare programs for their mental health conditions.  Microsoft, however, has excluded all coverage of such treatment through the application of blanket exclusions and treatment limitations.

**[REDACTED]**
COMPLAINT (CLASS ACTION) – 6

24.    The application of these uniform exclusions and limitations is not "at parity" with Microsoft's coverage of medical/surgical services, which includes coverage of medically necessary treatment at skilled nursing facilities, a form of residential treatment facilities for medical conditions.  As a result, N.F., A.H. and members of the class have paid for mental health treatment they received from outdoor/wilderness behavioral healthcare programs out of their own pockets.  Other class members have been forced to forego needed treatment due to Microsoft's conduct.

25.    In light of the established Plan documents, statements and written representations by Microsoft to the parents of N.F. and A.H., any attempt by class members to pursue administrative remedies is futile.  Nonetheless, N.F. and A.H. have completed the internal appeal process within the Plan to no avail.  They have exhausted their administrative remedies.

## VI.  CLAIMS FOR RELIEF

### FIRST CLAIM:
### BREACH OF FIDUCIARY DUTIES
### ERISA §§ 404(a)(1), 502(a)(2); 29 U.S.C. §§ 1104(a), 1132(a)(2)

26.    Plaintiffs re-allege all paragraphs above.

27.    Microsoft is a fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it is identified in the Plan as the Plan Administrator and named fiduciary.

28.    ERISA imposes strict fiduciary duties upon plan fiduciaries.  ERISA § 404(a)(1)(C), 29 U.S.C. § 1104(a)(1)(C), states, in relevant part, that a plan fiduciary must discharge its duties with respect to a plan "solely in the interest of the participants and beneficiaries and … in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this title and Title IV."

29.    ERISA § 409(a), 29 U.S.C. § 1109(a), states, in relevant part:

[REDACTED]
COMPLAINT (CLASS ACTION) – 7

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the Plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the Plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

30. The terms of an ERISA plan include applicable provisions of substantive federal law, such as the requirements in the Parity Act and certain provisions of the Affordable Care Act. Defendants have failed to comply with the terms of the Plan, which include the applicable requirements of the Parity Act, the Affordable Care Act and their implementing regulations. Under ERISA, defendants have both a fiduciary and a legal duty to ensure that the Plan complies with the applicable federal law.

31. Microsoft violated its obligations under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1) by failing to act in accordance with the documents and instruments governing the Plan, as governed by applicable federal law, and thereby breached its fiduciary duties to the Plan, the plaintiffs and all class members.

32. As a direct and proximate result of these acts and omissions, plaintiffs, the Plan and class members have suffered losses (including harm to the integrity of the Plan) such that they are entitled to relief under ERISA against Microsoft.

33. Plaintiffs, on behalf of themselves, the class and the Plan, seek recovery of all losses to the Plan, including (but not limited to) relief compelling Microsoft to restore to the Plan and all class members all losses (including interest) arising from the breaches of fiduciary duties when treatment required by the terms of the Plan as governed by the Parity Act and the Affordable Care Act was denied.

[REDACTED]
COMPLAINT (CLASS ACTION) – 8

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

**SECOND CLAIM:**
**CLAIM FOR RECOVERY OF BENEFITS, CLARIFICATION OF RIGHTS**
**UNDER TERMS OF THE PLANS**
**ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)**

34.     Plaintiffs re-allege all paragraphs above.

35.     ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) provides that a participant or beneficiary may bring an action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

36.     Plaintiffs and the class they seek to represent are entitled to recover benefits due them due to the improper exclusion and/or limitation of coverage of medically necessary mental health treatment in wilderness therapy programs.  They are also entitled to a declaration of their rights to coverage of medically necessary mental health treatment in outdoor/wilderness behavioral healthcare programs without the application of Microsoft's blanket exclusions and limitations.

**THIRD CLAIM:**
**CLAIM TO OBTAIN OTHER EQUITABLE RELIEF AND TO ENFORCE THE**
**TERMS OF THE PLANS**
**ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)**

37.     Plaintiffs re-allege all paragraphs above.

38.     Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), plaintiffs and the class seek to have Microsoft provide the class with corrective notice and information, including reformation of the relevant health plan documents.

39.     ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), further provides that a participant or beneficiary may obtain other appropriate equitable relief to redress violations of ERISA or enforce plan terms.  To the extent full relief is not available under ERISA § 502(a)(1)(b), 29 U.S.C. § 1132(a)(1)(B) or ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), then plaintiffs and the class seek equitable remedies including, without limitation, unjust enrichment, disgorgement, restitution, surcharge and consequential

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

damages arising out of Microsoft's failure to administer its Plan as governed by the applicable provisions of the Federal Parity Act and the Affordable Care Act.

## VII.  DEMAND FOR RELIEF

WHEREFORE, plaintiffs request that this Court:

1.      Certify this case as a class action; designate the named plaintiffs N.F. and A.H., by and through their parents, as class representative; and designate JORDAN LEWIS P.A., Jordan Lewis, and SIRIANNI YOUTZ SPOONEMORE HAMBURGER, Eleanor Hamburger and Richard E. Spoonemore, as class counsel;

2.      Enter judgment on behalf of the Plan, plaintiffs and the class for losses due to Microsoft's breaches of fiduciary duty and failure to pay benefits;

3.      Declare that Microsoft may not apply contract provisions, policies or practices that wholly exclude or impermissibly limit coverage of outdoor/wilderness behavioral healthcare programs to treat mental health conditions when such exclusions and/or limitations are not predominantly applied to medical and surgical services;

4.      Enjoin Microsoft from further violations of the terms of its Plan as governed by the Federal Parity Act and implementing regulations, and certain provisions of the Affordable Care Act;

5.      Enter judgment in favor of plaintiffs and the class for damages in an amount to be proven at trial due to the failure to provide benefits due under the Plan as modified by the Federal Parity Act and certain provisions of the Affordable Care Act;

6.      Award plaintiffs and the class their attorney fees and costs under ERISA § 502(g), 29 U.S.C. § 1132(g); and

7.      Award such other relief as is just and proper.

[REDACTED]
COMPLAINT (CLASS ACTION) – 10

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

1    DATED:  December 18, 2017.

2                               SIRIANNI YOUTZ
3                               SPOONEMORE HAMBURGER

4                                 _s/ Eleanor Hamburger_
                                  _s/ Richard E. Spoonemore_
5                               Eleanor Hamburger (WSBA #26478)
6                               Richard E. Spoonemore (WSBA #21833)
                                   701 Fifth Avenue, Suite 3650
7                                  Seattle, WA 98104
                                   Tel. (206) 223-0303; Fax (206) 223-0246
8                                  Email: ehamburger@sylaw.com
                                           rspoonemore@sylaw.com
9

10                              JORDAN LEWIS, P.A.

11                                _s/ Jordan M. Lewis_
                                Jordan M. Lewis (FLBA # 97997)
12                              _Pro hac vice admission pending_
                                   4473 N.E. 11th Avenue
13                                 Fort Lauderdale, FL 33334
                                   Tel. (954) 616-8995; Fax (954) 206-0374
14                                 Email: jordan@jml-lawfirm.com

15                              Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

**[REDACTED]**
COMPLAINT (CLASS ACTION) – 11