The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.H. by and through G.H. and L.C., both individually, and on behalf of the MICROSOFT CORPORATION WELFARE PLAN, and on behalf of similarly situated individuals and plans,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION WELFARE PLAN; and MICROSOFT CORPORATION,<br><br>Defendants. | No. C17-01889 JCC<br><br>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT |

Defendants Microsoft Corporation Welfare Plan and Microsoft Corporation ("Microsoft Defendants") hereby answer and respond to Plaintiff's Amended Complaint. Except as expressly admitted, the Microsoft Defendants deny all of the allegations contained in the Amended Complaint. For ease of reference only, the capitalized terms used herein shall be used in the same manner as they are in the Amended Complaint. The Microsoft Defendants deny all allegations in the Amended Complaint, whether express or implied, that are not specifically admitted below. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications or speculations that arguably

DEFS.' ANSWER TO AMENDED COMPLAINT
(C17-01889 JCC)

1

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

follow from the admitted facts.  The Microsoft Defendants deny that Plaintiff is entitled to the relief requested or any other relief.

## ANSWER

### AS TO "INTRODUCTION"

1.      This introduction is Plaintiff's characterization of this action, which is a legal proposition to which no response is required.  The Microsoft Defendants lack knowledge or information sufficient to admit or deny Plaintiff's allegation in the first sentence of Paragraph 1 and therefore deny the allegation on this basis.  As to the second sentence, the Microsoft Defendants admit that A.H. submitted claims for services purportedly provided by Wingate.  The Microsoft Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in the second sentence of Paragraph 1 and therefore deny the allegations on this basis. The third through sixth sentences of Paragraph 1, in their entirety, also purport to characterize documents, the contents of which speak for themselves, and assert legal conclusions to which no responses are required.  The Microsoft Defendants deny the allegations contained in the last sentence of Paragraph 1.  To the extent there are any additional factual allegations in the introduction, the Microsoft Defendants deny them.

2.      This introduction is Plaintiff's characterization of this action, which is a legal proposition to which no response is required.  To the extent the allegations contained in this paragraph relate solely to claims that have been dismissed (*e.g.*, Parity Act claims), no response is required.  As to the second and third sentences of Paragraph 2, the Microsoft Defendants admit that Plaintiff's Plan does not cover wilderness program tuition or other program-related fees, but that it does cover therapy and other treatment by licensed professionals when provided during a wilderness program.  To the extent there are any other factual allegations in the introduction, the Microsoft Defendants deny them.

3.      This introduction is Plaintiff's characterization of this action, which is a legal proposition to which no response is required.  To the extent the allegations contained in this paragraph relate solely to claims that have been dismissed (*e.g.*, Affordable Care Act claims), no

DEFS.' ANSWER TO AMENDED COMPLAINT
(C17-01889 JCC)

2

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

response is required.  To the extent there are any factual allegations in the introduction, the Microsoft Defendants deny them.

4.      This introduction is Plaintiffs' characterization of this action, which is a legal proposition to which no response is required.  To the extent the allegations contained in this paragraph relate solely to claims that have been dismissed, no response is required.  To the extent there are any factual allegations in the introduction, the Microsoft Defendants deny them.  The Microsoft Defendants further deny that Plaintiff or any putative class is entitled to any of the relief requested.

## AS TO "PARTIES"

5.      The Microsoft Defendants admit that A.H. is currently enrolled as a beneficiary, as a dependent of L.C., in the Microsoft Corporation Welfare Plan ("Plan") under the "Health Savings Plan (Premera)" provisions of the Plan.  Plaintiff asserts a legal conclusion in the second sentence of Paragraph 5, to which no response is required.  Except as otherwise admitted or responded to herein, the Microsoft Defendants lack information as to the remaining allegations in Paragraph 5 and therefore deny them on that basis.

6.      Plaintiff asserts legal conclusions in the first, second, fourth, and fifth sentences of Paragraph 6, to which no response is required.  The Microsoft Defendants admit the allegations in the third sentence of Paragraph 6.  The sixth sentence of Paragraph 6 purports to characterize terminology used in the Amended Complaint, and therefore no response is required. The seventh sentence of Paragraph 6 purports, in its entirety, to characterize documents, which speak for themselves, and therefore no response is required.  The final sentence of Paragraph 6 asserts legal conclusions to which no responses are required.  Except as otherwise admitted or responded to herein, the Microsoft Defendants otherwise deny any remaining allegations in Paragraph 6.

7.      The first, fourth, and fifth sentences of Paragraph 7, in their entirety, purport to characterize documents, the contents of which speak for themselves, and assert legal conclusions to which no responses are required.  The Microsoft Defendants admit the allegations in the

DEFS.' ANSWER TO AMENDED COMPLAINT
(C17-01889 JCC)

3

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

second sentence of Paragraph 7.  The third sentence of Paragraph 7 purports to characterize terminology used in this Amended Complaint, and therefore no response is required.  As to the fourth sentence of Paragraph 7, the Microsoft Defendants admit that the Plan confers discretionary authority on Microsoft.

### AS TO "JURISDICTION AND VENUE"

8.    Paragraph 8 asserts, in its entirety, legal conclusions to which no responses are required.

9.    Paragraph 9 asserts, in its entirety, legal conclusions to which no responses are required.

10.    The Microsoft Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 10, and therefore deny them on that basis.

### AS TO "FACTS"

11.    The Microsoft Defendants admit that A.H. is enrolled as a beneficiary, as a dependent of L.C., in the Plan.  Plaintiff asserts a legal conclusion in Paragraph 11, to which no response is required.

12.    The Microsoft Defendants admit that A.H. submitted claims for services purportedly provided by Wingate beginning on February 2, 2016.  The Microsoft Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 12 and therefore deny them on this basis.

13.    The first sentence of Paragraph 13 purports, in its entirety, to characterize documents, which speak for themselves, and therefore no response is required. The second sentence of Paragraph 13 purports, in its entirety, to characterize regulations, and therefore no response is required.  To the extent a further response is required, the Microsoft Defendants deny the allegations in the second sentence of Paragraph 13.

14.    Paragraph 14, in its entirety, asserts legal conclusions and purports to characterize a statute, and therefore no response is required.  To the extent a further response is required, the Microsoft Defendants deny any allegation in Paragraph 14.

DEFS.' ANSWER TO AMENDED COMPLAINT
(C17-01889 JCC)

4

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

15.     The first sentence of Paragraph 15 asserts, in its entirety, legal conclusions to which no responses are required.  To the extent a further response is required, the Microsoft Defendants deny the allegations in the first sentence of Paragraph 15.  The Microsoft Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 15 and therefore deny them on this basis.

16.     The Microsoft Defendants admit that A.H. was a minor during the time period when he submitted claims for services purportedly provided by Wingate from February 2, 2016 to April 11, 2016.  The Microsoft Defendants deny the remaining allegations in Paragraph 16.

17.     Paragraph 17 purports, in its entirety, to characterize documents, which speak for themselves, and therefore no response is required.

18.     Paragraph 18, in its entirety, purports to characterize documents, the contents of which speak for themselves, and asserts legal conclusions to which no responses are required.

19.     Paragraph 19, in its entirety, purports to characterize documents, the contents of which speak for themselves, and asserts legal conclusions to which no responses are required.

20.     Paragraph 20 purports, in its entirety, to characterize documents, which speak for themselves, and therefore no response is required.

21.     Paragraph 21 purports, in its entirety, to characterize documents, which speak for themselves, and therefore no response is required.

22.     Paragraph 22, in its entirety, purports to characterize regulations and documents, the contents of which speak for themselves, and asserts legal conclusions to which no responses are required.

23.     The first sentence of Paragraph 23, in its entirety, purports to characterize documents, the contents of which speak for themselves, and asserts legal conclusions to which no responses are required.  The second sentence of Paragraph 23 asserts, in its entirety, legal conclusions to which no responses are required.  To the extent a further response is required, the Microsoft Defendants deny any allegations in Paragraph 23.

DEFS.' ANSWER TO AMENDED COMPLAINT
(C17-01889 JCC)

5

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

24.     The first sentence of Paragraph 24, in its entirety, purports to characterize documents, the contents of which speak for themselves, and asserts legal conclusions to which no responses are required.  The second sentence of Paragraph 24 asserts legal conclusions to which no responses are required.

25.     The Microsoft Defendants admit that, as the claims administrator for the Plan, Premera Blue Cross ("Premera") denied A.H.'s requests for coverage for a wilderness program based on the quoted exclusion.  Except as otherwise responded to herein, the Microsoft Defendants deny any remaining allegations in Paragraph 25.

26.     The Microsoft Defendants deny the allegations in Paragraph 26.

27.     The Microsoft Defendants deny the allegations in Paragraph 27.

28.     The Microsoft Defendants deny the allegations in Paragraph 28.

29.     The allegations contained in Paragraph 29 relate solely to claims, theories or facts dismissed by the Court, and assert legal conclusions to which no responses are required.

30.     The allegations contained in Paragraph 30 relate solely to claims, theories or facts dismissed by the Court, and assert, in their entirety, legal conclusions to which no responses are required.

31.     The allegations contained in Paragraph 31, in their entirety, relate solely to claims, theories or facts dismissed by the Court, purport to characterize documents, the contents of which speak for themselves, and assert legal conclusions to which no responses are required.

32.     The allegations contained in Paragraph 32, in their entirety, relate solely to claims, theories or facts dismissed by the Court, and purport to characterize documents, the contents of which speak for themselves, and therefore no response is required.

33.     The allegations contained in Paragraph 33 relate solely to claims, theories or facts dismissed by the Court, and assert legal conclusions to which no responses are required.  The Microsoft Defendants admit that certain claims submitted by wilderness programs are not covered under the Plan.  The Microsoft Defendants deny that wilderness programs are a form of

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

intermediate care.  Except as otherwise responded to herein, the Microsoft Defendants deny any remaining allegations in Paragraph 33.

34.     The allegations contained in Paragraph 34 relate solely to claims, theories or facts dismissed by the Court, and assert, in their entirety, legal conclusions to which no responses are required.  To the extent a further response is required, the Microsoft Defendants deny any allegations in Paragraph 34.

35.     The first sentence of Paragraph 35 contains allegations related solely to claims, theories or facts dismissed by the Court, and asserts, in its entirety, legal conclusions to which no responses are required.  To the extent a further response is required, the Microsoft Defendants deny the allegation in the first sentence of Paragraph 35.  The Microsoft Defendants lack knowledge or information sufficient to admit or deny Plaintiff's allegations in the second and third sentences of Paragraph 35, and therefore deny the allegations on this basis.

36.     The allegations contained in Paragraph 36 relate solely to claims, theories or facts dismissed by the Court, and assert, in their entirety, legal conclusions to which no responses are required.  To the extent a further response is required, the Microsoft Defendants deny any allegations in Paragraph 36.

37.     The first sentence of Paragraph 37 asserts, in its entirety, a legal conclusion, to which no response is required.  The remainder of Paragraph 37 purports to characterize documents, the contents of which speak for themselves and asserts legal conclusions to which no responses are required.  To the extent a further response is required, the Microsoft Defendants deny any allegations in Paragraph 37.

38.     The allegations contained in Paragraph 38 relate solely to claims, theories or facts dismissed by the Court, and assert, in their entirety, legal conclusions to which no responses are required.  To the extent a further response is required, the Microsoft Defendants deny any allegations in Paragraph 38.

39.     Paragraph 39 purports to characterize documents, the contents of which speak for themselves and asserts legal conclusions, to which no responses are required.  The Microsoft

DEFS.' ANSWER TO AMENDED COMPLAINT
(C17-01889 JCC)

7

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Defendants admit that A.H. appealed the denial of coverage of claims for services purportedly provided by Wingate.  Except as otherwise responded to herein, the Microsoft Defendants deny any remaining allegations in Paragraph 39.

40.     The Microsoft Defendants admit that A.H.'s appeal was denied, as stated in the attached copy of the appeal denial letter, the contents of which speak for themselves.  To the extent a further response is required, the Microsoft Defendants deny any allegation in Paragraph 40.

41.     Paragraph 41, in its entirety, purports to characterize regulations and documents, the contents of which speak for themselves, and asserts legal conclusions to which no responses are required.

42.     Paragraph 42 purports, in its entirety, to characterize documents, which speak for themselves, and therefore no response is required.

43.     Paragraph 43 purports to characterize documents, the contents of which speak for themselves, and asserts legal conclusions to which no responses are required.  The Microsoft Defendants deny the allegations in the fourth sentence of Paragraph of 43 and, except as otherwise responded to herein, deny any remaining allegations in Paragraph 43.

44.     Paragraph 44 purports to characterize documents, the contents of which speak for themselves, and asserts legal conclusions to which no responses are required.  The Microsoft Defendants deny the allegations in the third sentence of Paragraph of 44 and, except as otherwise responded to herein, deny any remaining allegations in Paragraph 44.

45.     Paragraph 45 purports, in its entirety, to characterize documents, which speak for themselves, and therefore no response is required. To the extent a further response is required, the Microsoft Defendants deny any allegations in Paragraph 45.

46.     Paragraph 46, in its entirety, purports to characterize this Amended Complaint and documents, the contents of which speak for themselves, and asserts legal conclusions to which no responses are required.  To the extent a further response is required, the Microsoft Defendants deny any allegations in Paragraph 46.

DEFS.' ANSWER TO AMENDED COMPLAINT
(C17-01889 JCC)

8

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

47.     The Microsoft Defendants admit that Plaintiff completed the steps in the internal appeal process that were provided under the Plan.  Paragraph 47 also asserts legal conclusions to which no responses are required.  Except as otherwise admitted or responded to herein, the Microsoft Defendants deny the remaining allegations in Paragraph 47.

48.     The Microsoft Defendants lack knowledge or information sufficient to admit or deny Plaintiff's allegation in Paragraph 48, and therefore deny the allegation on this basis.

### AS TO "CLASS ALLEGATIONS"

49.     Paragraph 49, in its entirety, asserts legal conclusions and purports to characterize this action, and therefore no response is required.  To the extent a further response is required, the Microsoft Defendants deny any allegations in Paragraph 49.

50.     Paragraph 50, in its entirety, asserts legal conclusions and purports to characterize this action, and therefore no response is required.  To the extent a further response is required, the Microsoft Defendants deny any allegations in Paragraph 50.

51.     The Microsoft Defendants admit that A.H. is an enrollee in the Plan.  The Microsoft Defendants also admit that A.H.'s requests for coverage for his participation in a wilderness program were denied on the basis of a plan exclusion.  The Microsoft Defendants lack sufficient knowledge to admit or deny the allegations in the second and third sentences of Paragraph 51 and therefore denies them on this basis.  Sentence six of Paragraph 51 asserts legal conclusions to which no response is required.  Except as otherwise responded to herein, the Microsoft Defendants deny any remaining allegations in Paragraph 51.

52.     Paragraph 52, in its entirety, asserts legal conclusions and purports to characterize this action, and therefore no response is required.  To the extent the allegations contained in this paragraph relate solely to claims that have been dismissed, no response is required.  To the extent a further response is required, the Microsoft Defendants deny any allegations in Paragraph 52.

53.     Paragraph 53, in its entirety, asserts legal conclusions and purports to characterize this action, and therefore no response is required.  To the extent a further response is required, the Microsoft Defendants deny any allegations in Paragraph 53.

DEFS.' ANSWER TO AMENDED COMPLAINT
(C17-01889 JCC)

9

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

54.     Paragraph 54, in its entirety, asserts legal conclusions and purports to characterize this action, and therefore no response is required.  To the extent a further response is required, the Microsoft Defendants deny any allegations in Paragraph 54.

55.     Paragraph 55, in its entirety, asserts legal conclusions and purports to characterize this action, and therefore no response is required.  To the extent a further response is required, the Microsoft Defendants deny any allegations in Paragraph 55.

56.     The Microsoft Defendants lack knowledge or information sufficient to admit or deny Plaintiff's allegation in Paragraph 56, and therefore deny the allegation on this basis.

### AS TO "LEGAL CLAIMS"

**FIRST CLAIM:**
**CLAIM FOR RECOVERY OF BENEFITS, CLARIFICATION OF RIGHTS
UNDER TERMS OF THE PLAN DUE TO EXCLUSION OF WILDERNESS
PROGRAMS EVEN WHERE THE PROVIDER IS AN "ELIGIBLE PROVIDER"
UNDER THE TERMS OF THE PLAN
ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)**

57.     Answering Paragraph 57, the Microsoft Defendants incorporate by reference their answers to Paragraphs 1 through 56 inclusive.

58.     Paragraph 58 purports, in its entirety, to characterize a statute, and therefore no response is required.

59.     The first sentence of Paragraph 59 purports, in its entirety, to characterize documents, which speak for themselves, and therefore no response is required.   The Microsoft Defendants deny the allegations in the second sentence of Paragraph 59.

60.     The first sentence of Paragraph 60 purports, in its entirety, to characterize documents, which speak for themselves, and therefore no response is required.   The Microsoft Defendants deny the allegations in the second sentence of Paragraph 60.

61.     Paragraph 61 purports, in its entirety, to characterize documents, which speak for themselves, and therefore no response is required.

62.     The Microsoft Defendants admit that coverage of A.H.'s participation at Wingate was denied on the ground that wilderness programs are not covered under the Plan.  Except as

DEFS.' ANSWER TO AMENDED COMPLAINT
(C17-01889 JCC)

10

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

otherwise admitted or responded to herein, the Microsoft Defendants otherwise deny any remaining allegations in Paragraph 62.

63.     The Microsoft Defendants deny the allegations in Paragraph 63.

64.     The allegations contained in Paragraph 64 assert legal conclusions to which no responses are required.  To the extent a further response is required, the Microsoft Defendants deny any allegations in Paragraph 64.

65.     The Microsoft Defendants deny the allegations in Paragraph 65.

66.     The Microsoft Defendants deny the allegations in Paragraph 66 and further deny that Plaintiff or any putative class is entitled to any of the relief requested.

**SECOND CLAIM:**
**BREACH OF FIDUCIARY DUTIES DUE TO DEFENDANTS' UNIFORM EXCLUSION OF WILDERNESS PROGRAMS WHEN PROVIDED BY ELIGIBLE PROVIDERS ERISA §§ 404(a)(1), 502(a)(2); 29 U.S.C. §§ 1104(a), 1132(a)(2)**

67.     Answering Paragraph 67, the Microsoft Defendants incorporate by reference their answers to Paragraphs 1 through 67 inclusive.

68.     The allegations contained in Paragraph 68 relate solely to claims, theories or facts dismissed by the Court, to which no responses are required.  Paragraph 68 also asserts, in its entirety, legal conclusions to which no responses are required.

69.     The allegations contained in Paragraph 69 relate solely to claims, theories or facts dismissed by the Court, to which no responses are required.  Paragraph 69 also asserts, in its entirety, legal conclusions to which no response is required.

70.     The allegations contained in Paragraph 70 relate solely to claims, theories or facts dismissed by the Court, to which no responses are required.   Paragraph 70 also purports, in its entirety, to characterize a statute, and therefore no response is required.

71.     The allegations contained in Paragraph 71 relate solely to claims, theories or facts dismissed by the Court, to which no responses are required.  Paragraph 71 also asserts, in its entirety, legal conclusions to which no responses are required.

DEFS.' ANSWER TO AMENDED COMPLAINT
(C17-01889 JCC)

11

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

72.     The allegations contained in Paragraph 72 relate solely to claims, theories or facts dismissed by the Court, to which no responses are required.  Paragraph 72 also asserts, in its entirety, legal conclusions to which no responses are required.

73.     The allegations contained in Paragraph 73 relate solely to claims, theories or facts dismissed by the Court, to which no responses are required.  Paragraph 73 also purports, in its entirety, to characterize this action, and therefore no response is required.

**THIRD CLAIM:**
**CLAIM FOR RECOVERY OF BENEFITS, CLARIFICATION OF RIGHTS**
**UNDER TERMS OF THE PLANS AND BREACH OF FIDUCIARY DUTY**
**REMEDIES DUE TO DEFENDANTS' FAILURE TO COMPLY WITH THE**
**FEDERAL MENTAL HEALTH PARITY ACT AND/OR THE NON**
**DISCRIMINATION PROVISIONS OF THE ACA**
**ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)**
**AND**
**ERISA §§ 404(a)(1), 502(a)(2); 29 U.S.C. §§ 1104(a), 1132(a)(2)**

74.     Answering Paragraph 74, the Microsoft Defendants incorporate by reference their answers to Paragraphs 1 through 73 inclusive.

75.     The allegations contained in Paragraph 75 relate solely to claims, theories or facts dismissed by the Court, to which no responses are required.  Paragraph 75 also purports, in its entirety, to characterize this Amended Complaint, and therefore no response is required.

76.     The allegations contained in Paragraph 76 relate solely to claims, theories or facts dismissed by the Court, to which no responses are required.  Paragraph 76 also purports, in its entirety, to characterize a statute, and therefore no response is required.

77.     The allegations contained in Paragraph 77 relate solely to claims, theories or facts dismissed by the Court, to which no responses are required.  Paragraph 77 also purports, in its entirety, to characterize regulations, which speak for themselves, and therefore no response is required.

78.     The allegations contained in Paragraph 78 relate solely to claims, theories or facts dismissed by the Court, to which no responses are required.  Paragraph 78 also asserts, in its entirety, legal conclusions to which no responses are required.

DEFS.' ANSWER TO AMENDED COMPLAINT
(C17-01889 JCC)

12

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

79.     The allegations contained in Paragraph 79 relate solely to claims, theories or facts dismissed by the Court, to which no responses are required.  Paragraph 79 also purports, in its entirety, to characterize regulations, which speak for themselves, and therefore no response is required.

80.     The allegations contained in Paragraph 80 relate solely to claims, theories or facts dismissed by the Court, to which no responses are required.  Paragraph 80 also purports, in its entirety, to characterize regulations, which speak for themselves, and therefore no response is required.

81.     The allegations contained in Paragraph 81 relate solely to claims, theories or facts dismissed by the Court, to which no responses are required.  Paragraph 80, in its entirety, also purports to characterize regulations, which speak for themselves, and asserts legal conclusions to which no responses are required.

82.     The allegations contained in Paragraph 82 relate solely to claims, theories or facts dismissed by the Court, to which no responses are required.  Paragraph 82, in its entirety, also purports to characterize documents, the contents of which speak for themselves, and asserts legal conclusions to which no responses are required.

83.     The allegations contained in Paragraph 83 relate solely to claims, theories or facts dismissed by the Court, to which no responses are required.  Paragraph 83 also asserts, in its entirety, legal conclusions to which no responses are required.

84.     The allegations contained in Paragraph 84 relate solely to claims, theories or facts dismissed by the Court, to which no responses are required.  Paragraph 84 also purports, in its entirety, to characterize a statute, and therefore no response is required.

85.     The allegations contained in Paragraph 85 relate solely to claims, theories or facts dismissed by the Court, to which no responses are required.  Paragraph 85 also asserts, in its entirety, legal conclusions to which no responses are required.

86.     The allegations contained in Paragraph 86 relate solely to claims, theories or facts dismissed by the Court, to which no responses are required.   Paragraph 86 also asserts, in its

DEFS.' ANSWER TO AMENDED COMPLAINT
(C17-01889 JCC)

13

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

entirety, legal conclusions to which no responses are required.  The Microsoft Defendants deny that Plaintiff or any putative class is entitled to any of the relief requested.

**FOURTH CLAIM:**
**CLAIM TO OBTAIN OTHER EQUITABLE RELIEF AND TO ENFORCE THE TERMS OF THE PLANS**
**ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)**

87.     Answering Paragraph 87, the Microsoft Defendants incorporate by reference their answers to Paragraphs 1 through 86 inclusive.

88.     The Microsoft Defendants deny that Plaintiff or any putative class is entitled to any of the relief requested.

89.     To the extent the allegations contained in this paragraph relate solely to claims that have been dismissed, no response is required.  Paragraph 89 also purports to characterize this action, characterize statutes, and asserts legal conclusions, to which no responses are required.  The Microsoft Defendants deny any remaining allegations in Paragraph 89 and further deny that Plaintiff or any putative class is entitled to any of the relief requested.

**AS TO "DEMAND FOR RELIEF"**

The Microsoft Defendants deny any allegations in the Demand for Relief and further deny that Plaintiff or any putative class is entitled to any of the relief requested.

**GENERAL DENIAL**

The Microsoft Defendants deny all allegations in the Amended Complaint that have not been expressly admitted in this Answer.

**AFFIRMATIVE DEFENSES**

The Microsoft Defendants assert the following affirmative and other defenses.  In asserting these defenses, the Microsoft Defendants do not assume the burden of proof or the burden of persuasion with respect to any issue as to which applicable law places the burden of proof upon Plaintiff.  In addition, the Microsoft Defendants specifically and expressly reserve the right to amend these defenses, or to add additional defenses, based upon legal theories, facts and

DEFS.' ANSWER TO AMENDED COMPLAINT
(C17-01889 JCC)

14

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    circumstances that may or will be discovered and/or further legal analysis of Plaintiff's positions

2    in this litigation.

### FIRST AFFIRMATIVE DEFENSE

4    Plaintiff's claims and the claims of any putative class members are barred, in whole or in

5    part, on the ground that the Amended Complaint fails to state a claim for relief against the

6    Defendants.  By way of example, Claim one should be dismissed because it cannot be reconciled

7    with the Plan terms.  Plaintiff is not entitled to injunctive relief because Plaintiff lacks Article III

8    standing to seek an injunction.

### SECOND AFFIRMATIVE DEFENSE

10    Plaintiff's claims and those of putative class members are barred, in whole or in part, to

11    the extent that they lack Article III standing.  By way of example only, any claims are barred to

12    the extent a Plan member did not pay out of pocket or suffer any concrete injury as a result of the

13    challenged denials of coverage.

### THIRD AFFIRMATIVE DEFENSE

15    Plaintiff's claims and those of putative class members are barred, in whole or in part, to

16    the extent that they lack statutory standing.  By way of example only, any claims are barred to

17    the extent that any Plan member assigned away his or her benefits, or to the extent the Plan

18    member is otherwise not a proper plaintiff under ERISA.

### FOURTH AFFIRMATIVE DEFENSE

20    Plaintiff's claims and those of putative class members are barred, in whole or in part, on

21    the ground that the challenged denials of coverage were proper and/or did not constitute an abuse

22    of discretion under the terms of the Plan.

### FIFTH AFFIRMATIVE DEFENSE

24    Plaintiff's claims and those of putative class members are barred, in whole or in part, to

25    the extent that Microsoft is not a proper defendant for the claims being asserted.

26

27

28

DEFS.' ANSWER TO AMENDED COMPLAINT
(C17-01889 JCC)

15

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims and those of putative class members are barred, in whole or in part, to the extent they seek to recover amounts charged by wilderness therapy programs or others for services that were improper, unreasonable, or excessive, or otherwise contrary to the relevant Plan terms or other law.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and those of putative class members are barred, in whole or in part, to the extent they seek to recover amounts charged by wilderness therapy programs or others that are improper, unreasonable, or excessive for the services they rendered to Plan members, or otherwise contrary to the relevant Plan terms or other law.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims and those of putative class members are barred, in whole or in part, to the extent they failed to satisfy any prerequisites, conditions, or obligations under the relevant Plan terms or other law.  By way of example only, any claims for benefits are barred to the extent that the Plan member did not submit a claim for benefits within the required time period under the terms of the Plan.

### NINTH AFFIRMATIVE DEFENSE

The claims of putative class members are barred, in whole or in part, to the extent they failed to exhaust the available administrative and/or contractual appeals process under their plan before pursuing claims through this litigation.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and those of putative class members are barred, in whole or in part, to the extent that the applicable statute of limitations has lapsed.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and those of putative class members are barred, in whole or in part, to the extent that any contractual limitations period has lapsed.

DEFS.' ANSWER TO AMENDED COMPLAINT
(C17-01889 JCC)

16

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and those of putative class members are barred, in whole or in part, to the extent that the equitable doctrines of waiver, estoppel, laches, and/or unclean hands apply.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative class members' claims are barred, in whole or in part, because the damages sought are speculative and remote and impossible to ascertain.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and those of putative class members are barred to the extent that they have insurance coverage through another plan or policy that is primarily or otherwise responsible for the benefits they seek.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Microsoft Defendants expressly and specifically reserve the right to add, abandon, and/or modify defenses based upon legal theories, facts, and circumstances that may or will be divulged through discovery and/or further legal analysis of Plaintiff's position in this litigation.

**WHEREFORE,** Microsoft respectfully requests that the Court:

(a)     Dismiss Plaintiff's claims with prejudice;

(b)     Deny Plaintiff's prayers for relief;

(c)     Award Defendants the costs of this suit, including reasonable attorneys' fees; and

(d)     Award Defendants any other such relief as the Court may deem appropriate.

DATED this 19th day of July, 2018.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants


By:   s/ *Rebecca Francis*
Rebecca Francis, WSBA #41196
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Telephone:  (206) 757-8285
Facsimile:  (206) 757-7700
Email:  RebeccaFrancis@dwt.com

DEFS.' ANSWER TO AMENDED COMPLAINT
(C17-01889 JCC)

17

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

GIBSON, DUNN & CRUTCHER LLP
Attorneys for Defendants


By:     s/ *Richard J. Doren*
        Richard J. Doren, CA Bar #12466
        (*Pro Hac Vice*)
        Heather L. Richardson, CA Bar #246517
        (*Pro Hac Vice*)
        333 South Grand Avenue
        Los Angeles, CA  90071-3197
        Telephone:  (213) 229-7000
        Facsimile:  (213) 229-7520
        Email:  rdoren@gibsondunn.com
                hrichardson@gibsondunn.com


By:     s/ *Geoffrey Sigler*
        Geoffrey Sigler, DC Bar # 478390
        (*Pro Hac Vice*)
        1050 Connecticut Avenue, N.W.
        Washington, D.C.  20036-5306
        Telephone:  (202) 887-3752
        Facsimile:  (202) 530-9635
        Email:  gsigler@gibsondunn.com

DEFS.' ANSWER TO AMENDED COMPLAINT
(C17-01889 JCC)

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 19, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.  All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 19th day of July, 2018.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Defendants*

By:   s/ *Rebecca Francis*
      Rebecca Francis, WSBA #41196
      1201 Third Avenue, Suite 2200
      Seattle, WA 98101-3045
      Telephone:  (206) 757-8285
      Facsimile:   (206) 757-7700
      Email:  RebeccaFrancis@dwt.com

DEFS.' ANSWER TO AMENDED COMPLAINT
(C17-01889 JCC)

19

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax